Allread, J.
The rights of all parties are founded upon a deed executed on January 13, 1905, by *337 David H. Dennis to David G. Dennis, trustee for ■ Sarah Jane Mitchell. David H. Dennis at the date of the execution of said deed was 79 years of age, and had six children, one of whom was Sarah Jane Mitchell. There were contemporaneous and’ prior deeds to other children, but we think the deed in question may be construed by its four corners.
The consideration was “$1.00 and other valuable considerations paid by David G. Dennis, Trustee for Sarah Jane Mitchell.”
The granting clause was “Unto the said David G. Dennis, Trustee for Sarah Jane Mitchell, his successors, heirs and assigns forever.”
The habendum clause was “Unto the said David G. Dennis, Trustee for Sarah Jane Mitchell, his successors, heirs and assigns forever.”
The warranty clause was “Unto the said David G. Dennis, Trustee for Sarah Jane Mitchell, his successors, heirs and assigns except a mortgage of $3,000.00, of which the said David G. Dennis, Trustee for Sarah Jane Mitchell, assumes and agrees to pay $400.00 thereof as the consideration.”
The deed also contains the following recital:
“The said David G. Dennis is to manage and control the said lands as trustee for said Sarah Jane Mitchell, and is to pay to the said Sarah Jane Mitchell the net rent and profits thereof and such part of the principal sum as she may from time to time desire to use, and for this purpose, the said trustee is hereby authorized to sell or encumber by mortgage, the whole or any part of said land, as he may, in his judgment, deem best, and he shall not be required to render any account of his trus *338 teeship to any Court, but a settlement between said parties shall be final and conclusive.”
The said David G. Dennis accepted the said trust and performed the duties thereof until about April 7, 1909, when he was removed by the probate court of Pickaway county and Frank T. Schleich was appointed as his successor. On April 14, 1913, Schleich resigned and Robert Pherson was appointed his successor.
David H. Dennis, the grantor, died July 24, 1907. Sarah Jane Mitchell, the beneficiary of the deed, died July 10, 1918, leaving children.
During the administration of the trust certain mortgages were executed by the trustee upon the real estate described in the deed and the consideration thereof was received by Sarah Jane Mitchell.
There are also certain debts and expenses outstanding against the estate of Sarah Jane Mitchell.
The controlling questions relate, first, to the jurisdiction of the probate court to remove the original trustee named in the deed and appoint his isuccessor; second, to the construction of the deed and the interest conveyed thereby.
We think under Section 11029 et seq., General 'Code, the probate court had jurisdiction to remove the trustee named in the deed and appoint his successor.
It is true that the trust created by the deed expressly provided that the trustee should not be required to render any account of his trusteeship to any court and that a settlement between said parties should be final and conclusive. Nevertheless, in the absence of a settlement between the parties, the probate court would be the appropriate *339 forum to exercise jurisdiction over the trust, and, by clear implication, if not by express authority, the probate court would have jurisdiction to remove the trustee and appoint his successor.
We think it clear that David G. Dennis, the trustee named in -the deed, took no interest under the deed except as trustee for Sarah Jane Mitchell. The grant to him, his successors and heirs and assigns was not intended to create a personal interest, but only to facilitate the execution of the trust.
David G. Dennis having no individual interest ■in the title, his removal and the appointment of his successor would ipso facto vest the equitable title to the land, together with the duties and responsibility of the trust, in his successor.
The question which has given us most concern is between the claim of the heirs of David H. Dennis and the claim of the heirs of Sarah Jane Mitchell. Counsel for the heirs of David H. Dennis rely upon the case of Broadup et al. v. Woodman et al., 27 Ohio St., 553.
We think, however, there is a vital distinction between the trust created in the Broadup case and the one in the case at bar. Woodman was the trustee in the case cited, and the terms of his trust were stated in a certain answer filed in a former case. According to the admissions of said answer Woodman’s trust was limited to the payment of certain debts of the grantor and provision for the support and maintenance of grantor’s wife and the support, maintenance and education of his child. It was held that after full performance of the trust the remainder reverted to the grantor’s heirs. The *340 trust in the case at bar is' not limited as in the Broadup case. The title is granted in the broadest possible terms to the said trustee of Sarah Jane Mitchell. The terms of the trust required the said-trustee to manage and control the said land as trustee for the said Sarah Jane Mitchell and to pay -her “the net rents or profits and such part of the principal sum as she may from time to time desire to use.” “Such part” would include the whole and would give the beneficiary the right to receive it in partial payments or instalments.
Sarah Jane Mitchell was not only made beneficiary of the legal title, but the terms of the trust place ■the income as well as the principal absolutely at her disposal. The trustee’s authority was confined to the management and control of the land for her benefit with the right to sell or encumber the property in the management of the trust. The trustee in the management and control of the land was invested with authority to make repairs and also such improvements as were necessary and proper. Whether the expenditures made were proper ■ should be determined by the probate court. We are, therefore, led to the conclusion that Sarah Jane Mitchell became the -equitable owner in fee of the real estate and that subject to the execution of the trust and the payment of valid encumbrances and debts the interest in said -real estate and the proceeds thereof passed upon her death to her heirs.
The deed will be so construed. The details of accounting will be left to the probate court.

Decree accordingly.

Ferneding and Kttnkle, JJ., concur.
*341 Judges of the Second Appellate District sitting in place of Judges Walters, Sayre and Middleton, of the Fourth Appellate District.